UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

UNITED STATES OF AMERICA )
           Plaintiff )
            )     Case No.  3:16-CR-0040-RLY-MPB-01
     Vs. )
            )
RASHAD RAE ROBINSON )
           Defendant )

## OBJECTION TO PARAGRAPH 33 OF THE PRESENTENCE REPORT

## AS IT PERTAINS TO CRIMINAL HISTORY POINTS

Comes now Rashad R. Robinson, by counsel Ivan A. Arnaez, and files an objection to paragraph 33 as it pertains to criminal history points.

1. The defendant was convicted on 6-13-2002 in Indiana for drug dealing to a confidential informant in paragraph 32.

2. The defendant was convicted on 6-24-2002 for possession with the intent to deal in Kentucky in paragraph 33 in large part because what happened in Indiana in paragraph 32.

3.  In the Indiana crime of paragraph 32 the defendant sold drugs to an informant.

4. He was arrested on the spot.

5. A search warrant was issued based on the controlled buy for his residence in Kentucky and the police found the drugs used as the source of the drugs sold to the Indiana informant thus the paragraph 33 possession with the intent to deal crime.

6. The reason Mr. Robinson was sentenced to separate sentences is because the possession with intent to deal was in Kentucky where he lived and the actual controlled buy occurred in Indiana where he met the informant.

7. Mr. Robison objects to a three point addition to his criminal history because the Kentucky paragraph 33 sentence is not a prior sentence that counts for a three point criminal history addition according to the 2018 United States Sentencing Commission Guideline Manual.

because 32 and 33 are a single sentence for criminal history purposes.

8.   The relevant code of said guideline tells us what we need to know to have a prior sentence that counts for a three point criminal history addition.

" **§4A1.1.    Criminal History Category**

The total points from subsections (a) through (e) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a)    Add **3** points for each prior sentence of imprisonment exceeding one year and one month."

"**§4A1.2.    Definitions and Instructions for Computing Criminal History**
**(a)    Prior Sentence**
(1)    The term "prior sentence" means any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense.
(2)    If the defendant has multiple prior sentences, determine whether those sentences are counted separately or treated as a single sentence. Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(e)."

9.   Two prior sentences occur when you have offences separated by an intervening arrest.

10.   There was an arrest.

11.   The problem is the offences were not separated by an intervening arrest.

12.   It seems the defendant has to be arrested for the first offence prior to committing the second offence.   This connotes a break in action such that the defendant gets arrested and then decides to go out and commit another crime.   We do not have that here.   What we do have are two crimes that occurred at the same time with no intervening arrest because the defendant was

arrested at the site of the Indiana controlled buy, taken to jail, whereupon a search warrant was quickly issued for his Kentucky house based on the facts of the Indiana Controlled buy that had just occurred.

13. The crime he committed that led to the second sentence already happened prior to the arrest: possession of the source of the drugs used to sell to the informant, i.e., *ipso facto* possession with intent to deal of paragraph 33.

> "**§4A1.2.** **Definitions and Instructions for Computing Criminal History**
>
> ****
> If there is no intervening arrest, prior sentences are counted separately <u>unless</u> (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Treat any prior sentence covered by (A) or (B) as a single sentence. <u>See also</u> §4A1.1(e)."

14. In addition the Kentucky charging papers and the search warrant both mention the controlled Indiana buy. This is virtually a case of the sentences resulting from offenses contained in the same charging instrument. They would have been had all the events occurred entirely in one state or the other.

15. Since this falls into a 4A1.2(A) single sentence situation for criminal history purposes the paragraph 33 Kentucky crime three point addition should be rejected.

WHEREFORE the defendant's prayer for relief is the Court note the objection to paragraph 33 and reject the three (3) point addition to his criminal history calculation.

Respectfully submitted,

ARNAEZ LAW OFFICES

/s/ Ivan A. Arnaez
Ivan A. Arnaez, Attorney No. 21997-87
2708 Lincoln Avenue
Evansville, Indiana 47714

Telephone: 812-424-6671
Fax: 812-434-4818
Email:  jdcmjs@aol.com

## **<u>CERTIFICATE OF SERVICE</u>**

I affirm a copy of this objection to presentence report paragraph 33 was served upon

Lauren Wheatley, AUSA, 101 NW Martin Luther King Jr., Blvd., Suite 250, Evansville, Indiana

47708-1951, by E-filing on May 10, 2019.

<u>/s/ Ivan A. Arnaez</u>
Ivan A. Arnaez