UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:16-cr-00040-RLY-CMM-1 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE) |
| RASHAD ROBINSON | |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-cr-00040-RLY-CMM |
| RASHAD ROBINSON, | ) ) | -1 |
| Defendant. | ) ) | |

**ORDER ON DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On April 19, 2024, Defendant Rashad Robinson filed a motion for compassionate release[1] under § 603 of the First Step Act of 2018, 18 U.S.C. § 3582(c)(1)(A). Dkt. 200. For the reasons explained below, his motion is **DENIED**.

### I.   Background

In February 2019, Mr. Robinson pleaded guilty to one count of conspiracy to possess with intent to distribute and to distribute 500 grams or more of methamphetamine. Dkt. 128; 146 at 1. Mr. Robinson faced a guidelines range of 292 to 365 months of imprisonment. Dkt. 133 at 16. The Court sentenced him to 200 months of imprisonment to be followed by five years of supervised release. Dkt. 146 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Robinson's anticipated release date (with good-conduct time included) as September 17, 2033. https://www.bop.gov/inmateloc/ (last visited September 5, 2024).

---

[1] The United States did not file a response.

2

## II. Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The district court must "consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021). On this point, the United States Sentencing Commission recently amended the Guidelines Manual to identify several new circumstances as "extraordinary and compelling" reasons potentially warranting compassionate release. *See* U.S.S.G. § 1B1.13 (Nov. 2023).

Mr. Robinson moves for compassionate release primarily because, if he were sentenced today, he would likely receive a lesser sentence. Specifically, he argues: (1) *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019)[2] is a change in law showing

---

[2] There, the Seventh Circuit observed that the definition of a schedule I, II, or III controlled substance in Indiana is much broader than the federal definition. 940 F.3d at 951. Consequently, "Defendant] could have been convicted under § 35-48-4-2 for dealing in a controlled substance that would not be a felony drug offense under 21 U.S.C. § 802(44)." Because "Indiana law is

3

that, if sentenced today, it is "highly likely" he would not have been classified as a career offender based on his prior conviction for dealing in a schedule I, II, or III controlled substance in violation of Indiana Code § 35-48-4-2; (2) Amendment 821 Part C[3] is a non-retroactive change in law showing that, if sentenced today, he would likely receive a downward departure of one point for his prior conviction for possession of marijuana; and (3) the six criminal history points he received for two prior drug convictions that arose out of his June 26, 2001 arrests in Indiana and Kentucky on the same day for the same drug deal "over-represented the seriousness of his criminal conduct." (Filing No. 200, Def.'s Mot. at 18).

    Based on Mr. Robinson's motion, there are two guidelines at play. Under U.S.S.G. 1B1.13(b)(5), the court may find extraordinary and compelling reasons exist if "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." Paragraphs 1 through 4 include the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, and where the defendant is the victim of abuse in the BOP. U.S.S.G. § 1B1.13(b)(1)–(4). Under U.S.S.G. § 1B1.13(b)(6), the

---

categorically broader," the court held that "[Defendant's] 2001 Indiana conviction for dealing in a schedule I, II, or III controlled substance cannot serve as a predicate felony drug offense under § 841(b)(1)(A) and § 802(44)."

[3] Part C provides a downward departure from the defendant's criminal history category may be warranted if the "defendant received criminal history points from a sentence for possession of marihuana for personal use." U.S.S.G. § 4A1.3 cmt.

4

court may also find extraordinary and compelling reasons exist if the defendant received an "unusually long sentence":

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, *a change in the law* (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6) (emphasis added).

Mr. Robinson concedes that he does not meet the criteria of § 1B1.13(b)(6) because he has not served 10 years of his term of imprisonment. Dkt. 200 at 13. Instead, he argues he meets the criteria of § 1B1.13(b)(5) because (b)(5)'s reference to "any other circumstance" that is of similar gravity "to those described in (b)(1) through (b)(4)" includes "a change in the law" under (b)(6). Mr. Robinson's argument is foreclosed by § 1B1.13(c), which explicitly states: "Except as provided in subsection (b)(6), a change in the law . . . shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement."

Mr. Robinson's argument regarding the criminal history points assessed at his sentencing do not present an extraordinary or compelling reason for release.  He admits that the "Court obviously did nothing wrong in following the law" when it refused to merge the two prior drug convictions (which arose out of the same facts on the same day but in different states) at sentencing.  (*See* Filing No. 200, Def.'s motion at 18). But even if he did make such an assertion, "a claim of errors in the original sentencing is not itself an

extraordinary and compelling reason for release." *United States v. Martin*, 21 F.4th 944, 946 (7th Cir. 2021); *see also United States v. Musgraves*, No. 3:13-cr-30276-NJR-1, 2022 WL 2072848, at *2 (S.D. Ill. June 9, 2022), *aff'd*, 2023 WL 4340704 (7th Cir. July 5, 2023) ("The correct vehicle to challenge a conviction or sentence is 28 U.S.C. § 2255 or, in some circumstances, 28 U.S.C. § 2241.").

In sum, the Court finds Mr. Robinson has not provided extraordinary and compelling reasons to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III. Conclusion

For the reasons stated above, Mr. Robinson's motion for compassionate release, dkt. [200], is **denied**.

**IT IS SO ORDERED.**

Date: 9/24/2024

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel